HENRY STICKLE, RESPONDENT, *v.* THOMAS REED, AS SHERIFF OF CAYUGA COUNTY, APPELLANT.

*Sheriff — right of, to receive a prisoner after a voluntary escape from a constable.*

One Anderson having been arrested by a constable by virtue of an execution against his person, issued upon a judgment recovered by the plaintiff, was allowed by the constable to go at large upon his promise to appear the next morning and give bail. On the next day the constable not finding Anderson left the execution at the sheriff's office, where it was received by a deputy who found Anderson and told him that he had the execution and had come after him, whereupon Anderson voluntarily went with him to the jail and there gave bail for the limits. Anderson having afterwards gone beyond the jail limits this action was brought against the sheriff for an escape.

*Held,* that although after the voluntary escape suffered by the constable the sheriff had no right forcibly to take and detain Anderson under the execution, yet that upon his voluntarily surrendering himself to the deputy the sheriff had the right to receive him and was liable for his subsequent escape.

APPEAL from a judgment in favor of the plaintiff, entered upon a decision of a justice of this court upon a trial at the Cayuga Circuit without a jury.

*J. T. Pingree,* for the appellant. The escape of Andrews in the first instance was a voluntary escape. (*Lockwood* v. *Mercereau*,

6 Abb. Pr., 206; Crocker on Sheriffs, § 577; *Olmsted* v. *Raymond*, 6 Johns. R., 62; *Wheeler* v. *Baily*, 13 id., 366; *Palmer* v. *Hatch*, 9 id., 329.) It being a voluntary escape, Andrews could not be legally retaken or detained by the constable, unless the plaintiff in the execution had taken out new process. (*Lansing* v. *Fleet*, 2 Johns. Cases, 3; *Thompson* v. *Lockwood*, 15 Johns R., 256; *Clark* v. *Cleveland*, 6 Hill, 344; *Littlefield* v. *Brown*, 1 Wend., 398.) If the constable could retake or detain Andrews, the sheriff of Cayuga county could not. (2 R. S. [Edm. ed.], 266, § 131; id., 281, § 273.) The sheriff should have the right to show that Andrews was illegally detained by him, and when shown, it should be a defense to him, upon the principle that having no right to detain the prisoner, the plaintiff has lost nothing by the escape. (*Conant* v. *Chapman*, 2 Queen's Bench Rpts., 771, cited in *Carpenter* v. *Willett*, 18 How. Pr., 408; *Ray* v. *Hogeboom*, 11 Johns. R., 432; *Littlefield* v. *Brown*, 1 Wend., 398; *Thompson* v. *Lockwood*, 15 Johns. R., 256.)

*A. W. Shurtleff*, for the respondent.

SMITH, J.:

This is an action for an escape. Stickle, the plaintiff, recovered a judgment in Justices' Court in the county of Cayuga, against one Andrews for falsely and fraudulently obtaining money, and a body execution was issued thereon in the usual form to one Rude, a constable, who arrested Andrews at Weedsport and took him to Auburn. While in Auburn, the constable, instead of taking Andrews to the jail, as the execution commanded, took him, at his request, to the office of one McLaughlin, where he left him, upon his promise that he would appear the next morning and give bail. The constable on his return not finding Andrews, went to the office of the sheriff, the defendant herein, and there left the execution. It was received by a deputy sheriff, who the next morning met Andrews and told him that he had the execution and that he had come after him, and thereupon Andrews, without any force being used upon him, went with the deputy to the sheriff's office and there gave bail for the limits. He afterwards went beyond the jail liberties, and thereupon this action was commenced. The trial

judge held the defendant liable and ordered judgment against him for the amount of the justice's judgment with interest.

The ground taken by the defendant at the trial and on this appeal is, that Andrews was not in the lawful custody of the sheriff and the latter had no right to detain him, and consequently that there was no escape from his custody and the action cannot be maintained. The constable, in permitting Andrews to go on condition that he would appear the next morning and give bail, suffered a voluntary escape. The escape being voluntary, the constable could not afterwards retake or detain the prisoner without a new authority from the plaintiff in the execution, nor would the voluntary return or assent of the prisoner prevent the liability of the constable for the escape. (*Lansing* v. *Fleet*, 2 Johns. Cas., 3 ; *Thompson* v. *Lockwood*, 15 Johns. R., 256.) It follows that if the plaintiff had sued the constable for the escape, it would have been no defense to the latter to show that after the escape he had rearrested the prisoner and delivered him to the custody of the sheriff under the execution. But if the prisoner had been so rearrested and delivered to the sheriff, and the sheriff had received him in custody, and had subsequently permitted him to escape, would the previous escape suffered by the constable have been available to the sheriff as a defense? We think not. It is well settled that if a new sheriff regularly receives a prisoner from his predecessor, he is bound to detain him and is answerable for his escape, although a voluntary escape may have existed in the time of his predecessor. (*Rawson* v. *Turner*, 4 Johns. R., 469, and cases there cited by VAN NESS, J., p. 473.) In the case before us the execution on which Andrews was arrested commanded not only the constable to arrest him, but also the keeper of the jail to receive and safely keep him until discharged according to law. The execution was delivered by the constable to the sheriff. Andrews, the morning after the constable let him go, went to the sheriff's office and gave bail. Whether he did so voluntarily and in pursuance of his promise, or whether he was rearrested by the deputy and forced to go, was a question of fact upon which the witnesses differed somewhat, and which, we are to assume, was decided in favor of the plaintiff. It cannot be claimed that the deputy had any right to arrest Andrews. But if, as the testimony of the

deputy warranted the court in finding, Andrews voluntarily went with him to the sheriff's office on being informed that he had the execution, and there gave bail, we are of the opinion that the sheriff had the right to receive him under the execution, and that it was his duty to thereafter keep him in custody. The rule invoked by the sheriff is designed for the protection of the plaintiff in the execution, by making his positive assent requisite to constitute a waiver which shall release the liability of the officer resulting from a voluntary escape permitted by him. In this case the plaintiff, by bringing suit against the sheriff, elected to treat the prisoner as having been lawfully in the sheriff's custody, and doubtless a satisfaction of the judgment he has recovered here would bar an action on his part against the constable for the escape permitted by him.

The judgment should be affirmed.

TALCOTT, P. J., and HARDIN, J., concurred.

Judgment affirmed.